IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

ROBERT OSTRANDER, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

CUSTOMER ENGINEERING SERVICES, LLC, JAMES N. FOX and MARY FOX,

    Defendants

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Robert Ostrander, individually and on behalf of all others similarly situated, through his undersigned counsel, and for his Complaint against Customer Engineering Services, LLC, James N. Fox and Mary Fox ("Defendants") respectfully alleges as follows

### I. JURISDICTION AND VENUE

1.    Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., to recover unpaid overtime compensation and for other relief. This action is brought as a collective action pursuant to 29 U.S.C. §216(b).

2.    Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §1331.

3.    Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district.

## II.  PARTIES

4. Plaintiff Robert Ostrander ("Plaintiff") is a resident of Genesee County, New York.

5. Plaintiff was employed by Defendants as a technical service representative (hereinafter referred to as "TSR") from November 2011 to September 2014.

6. At all times relevant to the Complaint, Plaintiff was an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

7. Pursuant to 29 U.S.C. §216(b) of the FLSA, Plaintiff's written consent to become a party plaintiff is attached hereto as Exhibit "A."

8. Upon information and belief, Defendant Customer Engineering Services, LLC ("CES") is a provider of technology services and support, including the installation and maintenance of technology-based equipment and products, and operates businesses within the state of Colorado and elsewhere across the nation.  CES is headquartered in Colorado.

9. At all times relevant to the Complaint, Defendants, James N. Fox, was and still is the chief operating officer of CES. Upon information and belief, James N. Fox exercised operational control over CES, controlled significant business functions of CES, determined employee salaries, made hiring decisions and acted on behalf of and in the interest of CES in devising, directing, implementing and supervising the wage and hour practices and policies relating to the employees.

10. At all times relevant to the Complaint, Defendants, Mary Fox, was and still is a corporate officer of CES. Upon information and belief, Mary Fox exercised operational control

over CES, controlled significant business functions of CES, determined employee salaries, made hiring decisions and acted on behalf of and in the interest of CES in devising, directing, implementing and supervising the wage and hour practices and policies relating to the employees.

11. At all times relevant to the Complaint, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

### III. FACTS

12. Plaintiff and class members are individuals who have worked for Defendants as TSRs or any other similarly titled positions during the applicable statutory period.

13. Plaintiff and class members all shared similar job titles, training, job descriptions, job requirements and compensation plans, amongst other things.

14. Plaintiff and class members were classified by Defendants as non-exempt under the FLSA and paid an hourly rate.

15. Defendants managed Plaintiff's and class members' work, including the amount of hours they worked. Defendants dictated, controlled and ratified the wage and hours and all related employee compensation policies.

16. Defendants failed to pay Plaintiff and class members for all overtime hours worked, at a rate of one and one half times their regular rate of pay.

17. Plaintiff and class members routinely worked in excess of forty (40) hours per week.

18. Despite the requirement to do so, Defendants failed to keep accurate records of all

the time actually worked by Plaintiff and class members.

19.     Defendants encouraged Plaintiff and class members to perform work before the start and after the end of their scheduled shift, such as checking their assignments; mapping routes from home to their first assignment; loading and unloading their vehicles with CES equipment, parts and tools; logging mileage; documenting estimated times of arrival; pre-calling customers, filing out timesheets, and performing other work that was not recorded or paid by Defendants.

20.     Defendants automatically deducted a half-hour of pay each day for meal break periods, regardless of whether meal breaks were taken, or whether Plaintiff and class members worked through meal breaks.

21.     Defendants knew, and were aware at all times, of the above mentioned violations.

22.     The conduct alleged above reduced Defendants' labor and payroll costs.

23.     Plaintiff and class members were subjected to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of wages and overtime compensation.

24.     Defendants' improper and willful failure to pay wages and overtime compensation to Plaintiff and class members was done without good faith and with a reckless disregard for their rights.

25.     As a result these violations, Plaintiff and class members suffered lost wages and other damages.

## IV. GENERAL ALLEGATIONS

26.     Plaintiff, individually, and on behalf of all other similarly situated current and former employees of the Defendants, including subsidiaries and affiliated companies, brings this action as a collective action under the FLSA to recover, among other things, unpaid overtime compensation and statutory penalties owed to Plaintiff and all other similarly situated employees.

27.     Defendants' failure to pay Plaintiff and class members their overtime compensation when they worked in excess of forty (40) hours per week has violated the FLSA.

28.     As a result of these unlawful policies and practices, Plaintiff and class members suffered a loss of wages and other damages.

## V. COLLECTIVE ACTION ALLEGATIONS

29.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and the following class of persons:

> **All individuals who were employed, or are currently employed, by the Defendants, including subsidiaries or affiliated companies, as technical service representatives, tech support representatives, TSRs or any other similarly titled position at any time from three (3) years prior to the filing of this action to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs (hereinafter the "FLSA Class").**

30.     Plaintiff and other members of the FLSA Class are similarly situated with respect to job title, job description, training requirements, job duties, Defendants' failure to pay overtime compensation, Defendants' policy to automatically deduct a half-hour of pay for meal breaks each day, time spent working off the clock without pay, and the wage and hour violations alleged in this Complaint.

31.     Defendants knew that Plaintiff and other similarly situated employees performed

work that required additional wages and overtime compensation to be paid. Nonetheless, Defendants operated under a scheme, as described above, to deprive Plaintiff and members of the FLSA Class of overtime compensation by failing to properly compensate them for all time actually worked.

32. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and other similarly situated employees.

### CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)**

33. Plaintiff reasserts and re-alleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

34. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

35. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant CES is an enterprise engaged in commerce or in the production of goods for commerce.

36. At all times relevant to this action, Plaintiff and other similarly situated employees have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, et seq.

37. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked

in excess of 40 hours per week.

38. Plaintiff and other similarly situated employees regularly worked in excess of 40 hours per week for the Defendants, but were not properly paid overtime wages.

39. By the above-alleged conduct, Defendants have violated the FLSA by failing to properly pay Plaintiff and members of the FLSA Class overtime compensation as required.

40. Defendants also willfully failed to pay wages and overtime pay to Plaintiff and other similarly situated employees by failing to maintain accurate records of all the time actually worked to avoid paying them overtime wages and benefits.

41. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA. However, none of the Section 13 exemptions apply to Plaintiff or to other similarly situated employees because they have not met the requirements for coverage under the exemptions.

42. Plaintiff and other similarly situated employees are victims of a uniform, company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime compensation.

43. Defendants have acted willfully and have either known that the company's conduct violated the FLSA, or has shown reckless disregard whether its conduct violated the FLSA. Defendants have not acted in good faith with respect to the conduct alleged herein.

44. As a result of Defendants' violations of the FLSA, Defendants are liable to Plaintiff and other similarly situated employees for actual damages, liquidated damages and

equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

45. Plaintiff and class members are also entitled to injunctive relief to prevent Defendants from continuing its violations of the FLSA and other appropriate class-wide injunctive relief.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Robert Ostrander, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendants and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent and duration of the damages, costs of this action, and as follows:

1. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all technical service representatives, TSRs or any other similarly titled position who currently work or who have worked for Defendants within the last six years;

2. Authorize Plaintiff's counsel to issue a notice at the earliest possible time to all current and former technical service representatives, TSRs or any other similarly titled position employed by the Defendants during the six years immediately preceding this Action, informing them that this Action has been filed, of the nature of the Action, and of their right to opt-in to this lawsuit if they worked in excess of 40 hours in a week during the liability period, for which they were not paid the FLSA-required overtime;

3. Declare and find that the Defendants committed one or more of the following

acts: a) violated provisions of the FLSA by failing to pay regular wages and overtime wages to Plaintiff and similarly situated persons who opt-in to this Action; and b) willfully violated provisions of the FLSA;

4. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

5. Award all costs, attorneys' fees incurred in prosecuting this action, as well as liquidated damages under the FLSA;

6. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

7. Provide such further relief as the Court deems just and equitable.

Respectfully submitted this 13th day of July, 2015.

*s/Brian D. Gonzales*

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

Ryan F. Stephan
STEPHAN ZOURAS, LLP
205 N. Michigan Ave, Suite 2560
Chicago, Illinois  60601
Telephone: (312) 233-1550
Facsimile: (312) 233-1560
RStephan@stephanzouras.com

*Counsel for Plaintiff*