IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01476-PAB-MEH

ROBERT OSTRANDER, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

CUSTOMER ENGINEERING SERVICES, LLC,
JAMES N. FOX, and
MARY FOX,

    Defendants.

## ORDER

    This matter comes before the Court on the Magistrate Consent Form [Docket No. 93] filed by the parties. The parties identify their pleading as a "form," but it is not a recognized form that the Court uses. The parties indicate that they consent to have the assigned magistrate judge "conduct all settlement approval proceedings in this civil action and to order the entry of final judgment." They further explain that the assigned magistrate judge oversaw the parties' "mediation session" and is familiar with the terms of the settlement.

    The parties cite D.C.COLO.LCivR 40.1(c) as grounds for their consent, but Local Rule 40.1(c) applies to cases directly drawn to a magistrate judge. This case was not so drawn. See Docket No. 5. The parties could have consented to the jurisdiction of the assigned magistrate judge pursuant to Local Rule 72.2(d), but did not do so within the time limits set forth in the rule. *See Energy Drilling, LLC v. Overland Resources,*

*LLC*, No. 12-cv-02882-PAB-MJW (D. Colo. September 30, 2014) (discussing effect of late filing of Rule 72.2(d) consent form). In short, the parties do not identify any provision of the Local Rules that applies to their request. Although Magistrate Judge Hegarty is familiar with the proposed settlement, the Court has presided over the case since it was filed and has entered orders. *See, e.g.,* Docket No. 48.

Wherefore, it is ORDERED that the Magistrate Consent Form [Docket No. 93], construed as a motion to approve consent to magistrate judge jurisdiction, is denied.

DATED June 15, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge