IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01476-PAB-MEH

ROBERT OSTRANDER, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

CUSTOMER ENGINEERING SERVICES, LLC, JAMES N. FOX and MARY FOX,

    Defendants.

**PLAINTIFFS' RENEWED UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF APPROVAL OF SETTLEMENT**

Plaintiff Robert Ostrander, individually and on behalf of 47 other Opt-in Plaintiffs, through their undersigned counsel, respectfully request that this Honorable Court enter an order approving the Parties' Fair Labor Standards Act Settlement. The Settlement represents a fair and reasonable solution of the Parties' *bona fide* dispute. *See* Exhibit A (Settlement Agreement and Release) ¶ 37. Accordingly, Plaintiffs respectfully request an Order (1) approving the Settlement, including the releases of claims, the payments to Named Plaintiff and Opt-in Plaintiffs, and payment of attorneys' fees and costs as set forth therein; (2) dismissing the action in its entirety without prejudice, which will convert to with prejudice once the settlement is funded by Defendant; and (3) retaining jurisdiction to enforce the terms of the Settlement, including the release of Released Claims and General Release of All Claims. *See* Proposed Order, *attached hereto as* Exhibit B. Defendants do not oppose this motion.

**I.    PROCEDURAL HISTORY**

On July 13, 2015, Named Plaintiff Robert Ostrander filed a collective action complaint

alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, for allegedly failing to pay Plaintiff and other similarly-situated employees all earned wages for all overtime worked. Plaintiff worked as an hourly, non-exempt Technical Service Representative ("TSR") for Defendants. Mr. Ostrander alleged he and his colleagues were required to perform work before the start and after the end of their shifts and through their meal breaks, but were not paid for this work. (Dkt. No. 1). CES denies each and every one of these allegations.

The Parties exchanged Rule 26(a) initial disclosures and engaged in extensive written discovery, including Rule 37 conferences and Defendants' production of hundreds of pages of timekeeping data and employment records. Plaintiffs also deposed Defendants' Rule 30(b)(6) corporate representative, Glen Burns, on December 9, 2015. Defendants deposed Named Plaintiff on February 22, 2016. On January 19, 2016, Plaintiff filed a motion for conditional certification of the collective, which the Parties fully briefed before Judge Brimmer. On September 14, 2016, the Court conditionally certified a nationwide FLSA collective action of CES TSRs. (Dkt. No. 48). In response to the Court-authorized notice, 68 individuals joined this case as Opt-in Plaintiffs. Of those, 47 had timely claims arising within the statutory period. The Parties thereafter engaged in substantial settlement negotiations, culminating in an all-day mediation with Judge Hegarty on April 11, 2017. Though the mediation initially reached an impasse, the Parties, with Judge Hegarty's assistance, agreed thereafter to settle their claims.

On June 5, 2017, the Parties initially moved for approval of the settlement. (Dkt. No. 96). On March 5, 2018, the Court denied the Parties' motion and set forth specific requirements for the Parties to comply with in order to achieve approval, including explaining to the Court why final collective action certification is appropriate; notifying the Opt-in Plaintiffs of the settlement, providing them opportunity to opt out of the case, and securing their consent to the Settlement

2

Agreement; and including a detailed description of services rendered and costs incurred. (Dkt. No. 112). On April 2, 2018, Plaintiffs' counsel sent notice of the settlement and a copy of the Agreement to all 48 Plaintiffs via email and U.S. Mail. Exhibit C. Plaintiffs' counsel also sent notice to the 20 late opt-in plaintiffs, informing them that based upon records provided by Defendants, their claims arose outside of the maximum statutory period of three years prior to their opt-in date. Exhibit D. All Plaintiffs signed and returned the Agreement to Class Counsel. Group Exhibit E. Not a single Plaintiff objected or opted-out of the settlement.

## II. STANDARD GOVERNING MOTIONS TO APPROVE FLSA SETTLEMENTS

In order for a release of FLSA claims to be binding, a Court of competent jurisdiction arguably must approve a settlement of FLSA claims. *See, e.g.*, *Felix v. Thai Basil at Thornton, Inc.*, No. 14-cv-02567-MSK-CBS, 2015 WL 2265177, at *1 (D. Colo. May 6, 2015); *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In determining whether to approve a proposed FLSA settlement, the District Court must scrutinize the settlement for fairness and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, 1355. When the parties' settlement reflects a reasonable compromise over issues, such as FLSA coverage and computation of back wages which were disputed, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

## III. ARGUMENT

The Parties' settlement represents a fair, just, and reasonable resolution of Plaintiffs' alleged FLSA claims and any remaining disputes between the Parties. The Parties extensively negotiated with the assistance of Magistrate Judge Hegarty to resolve this matter and were ultimately successful in reaching an agreement. The Agreement was negotiated at arm's length

3

by experienced counsel concerning *bona fide* disputes between their clients. Each Opt-in Plaintiff has been notified of and signed the Agreement. *See* Exhibits C, E.

  A. **Final Collective Action Certification Is Appropriate.**

In its Order denying approval, the Court instructed the Parties to prove why final collective action certification is appropriate in this case. Dkt. No. 112 at 3-5. "Final certification for settlement purposes requires the Court to determine whether the settlement class members are similarly situated." *Davis v. Crilly*, 292 F. Supp. 3d 1167, 1171 (D. Colo. 2018), *citing Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Courts typically consider three factors: (1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Id*.

As an initial matter, the Parties have agreed to resolve this action on a collective basis, effectively consenting or stipulating to final certification for the purposes of settlement. *Cf., Martinez v. Rial de Minas, Inc.*, 2017 WL 4250634 (D. Colo. Sept. 26, 2017) (slip op.) (defendants stipulated to conditional and Rule 23 class certification). Further, Plaintiffs satisfy each of the three factors necessary for final certification. The settlement class consists of 48 Opt-in Plaintiffs, all of whom worked as technical service representatives ("TSRs") for Defendants. Dkt. No. 1, ¶¶ 12-25, 29-32; *see also* Dkt. No. 48 at 7-9. Plaintiffs performed the same job duties including maintaining and repairing photograph printers for Defendants' customers. Dkt. No. 26-3 ¶ 3; Dkt. No. 26-4 ¶ 3. Likewise, Plaintiffs were all paid pursuant to the same allegedly unlawful payment scheme. Dkt. No. 1 ¶¶ 13-14; Dkt. No. 48 at 7-9. Additionally, Defendants defenses apply equally to all Plaintiffs. *See generally* Dkt. No. 19. Finally, fairness and procedural considerations – such as permitting Plaintiffs to combine resources for litigation – favor final

collective certification. *See Davis*, 292 F. Supp. 3d at 1172.

All Plaintiffs have signed both opt-in consent forms – which were approved by this Court – and the operative Settlement Agreement agreed upon by the Parties. *See* Group Exhibit E. Only the 48 Opt-in Plaintiffs who had claims within the statutory period are affected by the Agreement; any individuals who did not consent to join the case or to the Agreement are not affected by its terms.[1] *See Davis*, 292 F. Supp. 3d at 1172. Accordingly, this case is appropriate for final collective action certification for settlement purposes.

### B.    Bona Fide Disputes Exist.

The Settlement of the present action involves a *bona fide* dispute. *See* Exhibit A (Settlement Agreement) ¶¶ 37-38. Plaintiffs alleged that they were owed for time worked before and after their shifts and during meal breaks, extending the time they worked beyond the 40-hour overtime threshold. Defendants deny that any Plaintiffs were owed any overtime wages. *Id.* ¶ 30.

The Parties were facing the prospect of pursuing the collective action, which would have required extensive discovery, motions, and a trial. Had Plaintiffs prevailed at summary judgment or trial, the Court would require Defendants to pay a monetary verdict in favor of Plaintiffs, as well as their legal fees and costs in addition to Defendants' own fees and costs. If Defendants prevailed at summary judgment or trial, Plaintiffs would not recover any damages and Defendants may have sought the recovery of certain statutory costs from the Plaintiffs.

### C.    The Settlement is Fair and Reasonable.

In determining whether a settlement is fair and reasonable, courts have considered non-exclusive factors such as: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the

---

[1] Class Counsel also notified the 20 Opt-in Plaintiffs with claims arising outside of the statute of limitations period that the case had settled but that their claims were barred by the applicable statute of limitations.

absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery." *Felix*, 2015 WL 2265177, at *2.

The Parties' settlement is fair and reasonable and meets all applicable factors considered by courts. The settlement appropriately factored in the complexity, risk, expense, and likely duration of the litigation. *See* Exhibit A, ¶¶ 32, 56. Plaintiffs recognized the risks inherent in proceeding with the litigation in light of Defendants' arguments on the merits of the claims. Defendants recognized their potential exposure should the Plaintiffs succeed at summary judgment or trial. All Parties recognized that, had they not reached a global settlement, extensive discovery, motion practice, a protracted trial, and possible appeal could have easily consumed many years of contentious and costly litigation.

Moreover, the settlement is appropriate at this stage of the proceedings. Aside from Plaintiffs' independent investigation, the Parties exchanged Rule 26(a) disclosures; written discovery; and deposed two individuals, including the Named Plaintiff and Defendants' Rule 30(b)(6) representative. Defendants also produced – and Plaintiffs reviewed and analyzed – timekeeping information, data, and documents to facilitate mediation and settlement discussions. The Parties thus had sufficient information to assess the risks of assessing liability and damages.

Additionally, the settlement is well within the range of possible recovery. As in all wage and hour claims, the nature and amount of recoverable damages was uncertain. Even if a trier of fact ultimately found liability, which was far from certain, a wide range of possible damages existed depending on factors including, but not limited to, the amount and frequency of overtime work performed, any alleged set-offs for overpayments, the applicable statute of limitations, and Defendants' knowledge, willfulness, and good faith. The Parties reached the Agreement by

considering Plaintiffs' average hourly wages, weeks worked, and overtime worked per week. On average, Plaintiffs earned approximately $21 per hour. Plaintiffs are each receiving approximately $32 per week worked, which provides for approximately 1.5 hours of unpaid time per week, or approximately 18 minutes per day of off-the-clock work.

Finally, all Plaintiffs received notice of the settlement in April 2018. Exhibit C, D. Plaintiffs with claims arising during the statutory period had approximately four weeks to review the Agreement and were given options of signing the Agreement, questioning their final payment amounts, or opting out of the case. All Plaintiffs agreed to and signed the Agreement within the four-week time frame; not a single Plaintiff objected to or opted out of the Agreement.

While Plaintiffs were confident in their claims, Defendants would have argued that Plaintiffs' alleged unpaid time was non-compensable under federal law, *de minimis* and/or was unknown (actually or constructively) to Defendant. In other words, Plaintiffs faced multiple challenging defenses. Taking these considerations into mind, the amount of the settlement is appropriate in relation to the potential recovery.

The settlement is based on the number of weeks worked by each Plaintiff during the three-year statute of limitations under the FLSA and provides an overtime payment of approximately $32 per work week, resulting in an average recovery of $2,812.95 per Plaintiff as set forth in the chart attached as Exhibit 3 to the Settlement Agreement and Release. The settlement also provides for an additional $7,500 service payment for the Named Plaintiff. *E.g., Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 131 (D. Colo. 2016) (approving $7,500 incentive award to the named plaintiff); *Shaw v. Interthinx, Inc.*, No. 13-cv-01229-REB-NYW, 2015 WL 1867861, at *9 (D. Colo. Apr. 22, 2016) (approving $10,000 service awards to named plaintiff). The Named Plaintiff, Robert Ostrander, helped initiate this

litigation and has been personally involved throughout. Mr. Ostrander has devoted considerable time responding to discovery, appearing at an all-day deposition, and flying across the country to appear for an all-day mediation, and his efforts helped achieve a significant result for himself and 47 Opt-in Plaintiffs.

### D. **Plaintiff's Counsel Should Be Awarded Their Reasonable Fees and Costs.**

Since this case's inception, Class Counsel has efficiently litigated this matter to a timely and fair resolution. Additionally, because the FLSA is a fee-shifting statute, Plaintiffs have always sought reimbursement for their counsels' time worked and expenses incurred. *See* Exhibit F. Throughout mediation, the Parties and Magistrate Judge Hegarty were aware that Plaintiffs were seeking not only their back pay but also their reasonable attorneys' fees and costs. In negotiating the Agreement, the Parties focused on the payment amounts and settlement structure for Plaintiffs. Exhibit G ¶ 18. Plaintiffs also negotiated Class Counsels' reasonable attorneys' fees and costs based upon the contemporaneous time records kept by Stephan Zouras, LLP and the Law Offices of Brian Gonzales, PLLC. *Id*.

In considering the fee award, the Court should recognize that disparities between wages recovered and attorney's fee awards are quite common in FLSA litigation. "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *citing United Slate, Tile & Composition Roofers v. G&M Roofing and Sheet Metal Co.*, 732 F.2d 495 (6th Cir. 1984). Since such claims frequently are for small amounts of money, "[c]ourts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here 'encourages the vindication of congressionally identified policies and rights.'" *Id*. "Indeed, [courts] have 'upheld substantial awards of attorney's fees even

though a plaintiff recovered only nominal damages.'" *Fegley,* 19 F.3d at 1134, *citing Posner v. The Showroom, Inc.,* 762 F.2d 1010 (6th Cir. 1985); *see, e.g., Fegley*, 19 F.3d at 1130-35 (upholding $40,000 in attorney's fees for recovering $7,680 in back pay for a single plaintiff); *Heder v. City of Two Rivers*, 255 F.Supp.2d 947, 955, 962 (E.D. Wisc. 2003) (awarding $36,204 in fees on a $3,540 back pay award to a single plaintiff); *Albers v. Tri-State Implement, Inc.*, 2010 WL 960010, *26 (D. S.D. 2010) (awarding $46,424 in fees on a $3,274 award to two plaintiffs).

If the FLSA required attorney's fees to be strictly proportionate to the amount of wages at issue, individuals with small claims effectively would be denied access to counsel. *Heder*, 255 F.Supp.2d at 955 (requiring proportionality "'would in reality prevent individuals with relatively small claims from effectively enforcing their rights.'"), *citing Hodgson v. Miller Brewing Co.*, 457 F.2d 221, 228-29 (7th Cir. 1972). For example, if proportionality were the law, it is likely that the 48 Plaintiffs here would have been unable to find counsel willing to take the contingent risk necessary to vindicate Plaintiffs' statutory rights. In other words, only large employers who had deprived employees of hundreds of thousands of dollars in wages ever would need to be concerned about wage litigation. Smaller employers could engage in wage theft with impunity. In any event, as explained in the attached declarations, Class Counsel are taking a significant discount on the attorneys' fees necessary to negotiate this settlement for Plaintiffs. *See* Exhibit G ¶ 20.

Based on the aforementioned factors, the Parties conclude that a settlement on the terms set forth in the Settlement Agreement is fair, reasonable, adequate, in the best interests of the Parties, and not worth the additional costs and risks associated with a trial. Additionally, the Parties have agreed that Defendants will pay Plaintiffs' counsel $152,500.00 in attorneys' fees and recoverable costs based on their time and costs expended. Specifically, at the time the Parties reached the Agreement, Plaintiffs had devoted over 450 hours of work and incurred over $12,000

in expenses litigating this matter to date. After reaching the Agreement, Plaintiffs' counsel spent approximately 40 additional hours on this case. Since receiving the Order denying the Parties' joint motion to approve the settlement, Class Counsel have spent another approximately 40 hours on this matter. Once the Settlement Agreement is approved, Class Counsel anticipates incurring approximately $5,000 in settlement administration costs. At the time of this filing, Class Counsels' total fees incurred exceeds $225,000. Exhibit G ¶ 22. The following chart demonstrates hourly rates and hours billed for each attorney or assistant working on the file:

| User | Activity | Duration |
|---|---|---|
| Brian D. Gonzales, Esq. $600 per hour | Conference | 4.7 hours |
| | Correspondence | 11.7 hours |
| | Court Appearance | 2.5 hours |
| | Deposition | 9.8 hours |
| | Draft | 39.7 hours |
| | Mediation | 6 hours |
| | Preparation | 16.5 hours |
| | Review | 22.5 hours |
| | Travel | 10 hours |
| Haley R. Jenkins, Esq. $300 per hour | Administrative | 1.8 hours |
| | Conference | 2.3 hours |
| | Correspondence | 11 hours |
| | Court Appearance | 0.7 hours |
| | Draft | 21.2 hours |
| | File Review | 0.7 hours |
| | Legal Research | 4.5 hours |
| | Meeting | 5 hours |
| | Review | 14.7 hours |
| James B. Zouras, Esq. $600 per hour | Conference | 2.5 hours |
| | Correspondence | 1.2 hours |
| | Meeting | 1.3 hours |
| | Review | 2 hours |
| Jorge A. Gamboa, Esq. $275 per hour | Conference | 0.4 hours |
| | Correspondence | 38.3 hours |
| | Deposition | 4.8 hours |
| | Draft | 90.2 hours |
| | Hearing | 0.5 hours |
| | Interview | 2.4 hours |
| | Legal Research | 20 hours |
| | Meeting | 18 hours |
| | Preparation | 5.3 hours |

|  |  |  |
|---|---|---|
|  | Research | 0.3 hours |
|  | Review | 15.9 hours |
| Legal Assistants<br>$150 per hour | Administrative | 5.8 hours |
|  | Bates Stamp | 4.2 hours |
|  | Conference | 1.2 hours |
|  | Copying Documents | 0.1 hours |
|  | Correspondence | 63.8 hours |
|  | Deposition | 2.2 hours |
|  | Draft | 4.3 hours |
|  | Filing | 10.2 hours |
|  | Follow Up | 1.2 hours |
|  | Meeting | 3.4 hours |
|  | Preparation | 2.3 hours |
|  | Research | 1.1 hours |
|  | Review | 1.8 hours |
|  | Website | 0.7 hours |
| Ryan F. Stephan, Esq.<br>$600 per hour | Conference | 3.0 hours |
|  | Correspondence | 29.4 hours |
|  | Court Appearance | 1.5 hours |
|  | Deposition | 5.7 hours |
|  | Draft | 18.5 hours |
|  | File Review | 2.2 hours |
|  | Mediation | 5.8 hours |
|  | Meeting | 12.6 hours |
|  | Preparation | 4.5 hours |
|  | Review | 1.2 hours |
|  | Travel | 7.9 hours |
| **Total** |  | **530.5 hours** |

The following chart demonstrates the expenses incurred by Class Counsel on this case:

| Activity | Total |
|---|---|
| Claims Administration (conditional certification) | $6,782.12 |
| Deposition | $1,443.21 |
| Filing | $611.11 |
| Legal Research | $64.46 |
| Meeting | $182.03 |
| Service of Process | $200.30 |
| Postage | $96.18 |
| Pro Hac Vice | $216.00 |
| Research | $172.14 |
| Travel | $2,689.29 |
| **Total** | **$12,456.73** |

## IV. CONCLUSION

For all the above reasons, Plaintiffs respectfully request an order: (1) approving the Settlement Agreement, including the releases of claims, the payments to Named Plaintiff and 48 Opt-in Plaintiffs, and the payment of attorneys' fees and costs set forth therein; (2) dismissing the action in its entirety without prejudice, which will convert to with prejudice once the settlement is funded by Defendants; and (3) retaining jurisdiction to enforce the terms of the Settlement, including the release of Released Claims and General Release of All Claims.

Dated: June 4, 2018

Respectfully submitted,

*/s/ Ryan F. Stephan*
Ryan F. Stephan
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
205 N. Michigan Avenue
Suite 2560
Chicago, Illinois 60601
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com

Brian D. Gonzales
**THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC**
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
(970) 214-0562
bgonzales@coloradowagelaw.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2018, a true and correct copy of the attached was electronically filed with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the listed attorneys and parties of record.

*/s/ Ryan F. Stephan*
